IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANTANDER CONSUMER USA, INC., <br> *Plaintiff*, | § § § § § | |
| v. | § § | SA-21-CV-00172-OLG |
| THE CITY OF SAN ANTONIO, ALANIS WRECKER SERVICE, LLC AND ALEJANDRO ALANIS, <br> *Defendants.* | § § § § § § | |

## DEFENDANTS', ALANIS WRECKER SERVICE, INC. AND ALEJANDRO ALANIS, OPPOSED MOTION FOR LEAVE TO AMEND FIRST AMENDED ANSWER TO ADD COUNTERCLAIM

TO THE HONORABLE CHIEF U.S. DISTRICT JUDGE:

NOW COME, Defendants, ALANIS WRECKER SERVICE, INC. and ALEJANDRO ALANIS, and pursuant to FED. R. CIV. P. 15(a), file this Opposed Motion for Leave to Amend their First Amended Answer to add a counterclaim, and would respectfully show as follows:

### I.   BACKGROUND

1.  A true and correct copy of Defendants', Alanis Wrecker Service, Inc. and Alejandro Alanis, Second Amended Answer, Affirmative Defenses and Counterclaim is attached hereto as Exhibit "A" and incorporated by reference herein for all purposes.

2.  On February 24, 2021, Plaintiff Santander Consumer USA, Inc. ("Santander"), an Illinois corporation, sued Defendants, the City of San Antonio, Texas (the "City") and Alanis Wrecker Service, LLC and Alejandro Alanis (collectively, the "Alanis Defendants"), alleging violation of its civil rights under 42 U.S.C. § 1983 and §1988, as well as a claim for declaratory judgment. Defendants are all entities or citizens of Texas.

3. On March 29, 2021, the City filed its Original Answer, and on March 30, 2021, the Alanis Defendants filed their Original Answer and affirmative defenses. Approximately four months later, the Alanis Defendants filed a Motion to Substitute counsel, which motion was granted by the Court on July 30, 2021.

4. To facilitate settlement discussions and a possible early resolution of this matter, the Defendants filed an Unopposed Motion to Extend Scheduling Order Deadlines, which amended deadlines were approved by the Court on December 10, 2021. The parties' discovery deadline is now May 21, 2022, and the trial date is October 11, 2022.

5. On March 2, 2022, the Alanis Defendants filed their first Unopposed Motion for Leave to Amend Original Answer, which motion was granted by the Court. The Alanis Defendants' First Amended Answer included additional affirmative defenses related to Santander's constitutional claims, request for declaratory relief, and conversion claim against Alanis in his individual capacity.

6. On or about April 5, 2022, the parties attended mediation. Although informal discussions between the parties are still ongoing, no settlement has been formally reached between the parties. The Alanis Defendants, however, now better understand Santander's claims with respect to the vehicles identified in Exhibit A to Plaintiff's Original Complaint, specifically with respect to the amount of monetary damages Santander is seeking for each vehicle.

7. On several occasions throughout this litigation, counsel for Alanis Defendants have advised Santander's legal counsel that 200 plus vehicles were still in storage; however, Santander has not taken a position on whether it has abandoned those vehicles, seeks to recover the vehicles, or has some legal claim related to those vehicles.

8. Interestingly, however, Santander knows how to assert a position with respect to certain vehicles that come within Defendant Alanis Wrecker Service, Inc.'s possession, as evidenced by a communication from Santander's counsel on April 22, 2022. Unbeknownst to counsel for the Alanis Defendants, on the date of the parties' mediation, counsel for Santander communicated with an employee of Defendant Alanis Wrecker Service, Inc. ("Wrecker") regarding recovery of vehicles in Wrecker's possession. As the attached letters at Exhibit "B" demonstrate, Santander is creating a situation whereby it is demanding the Alanis Defendants retain possession of vehicles Santander claims an interest in by withholding consent to auction, but also refusing to pay any associated storage fees based on the pendency of this litigation. However, as the vehicles at issue in the correspondence attached at Exhibit "B" are not currently a part of this litigation, the Alanis Defendants are left in a lose-lose situation of having to store vehicles for the period of this litigation at their potential expense or auctioning the vehicles pursuant to local and state law and risk additional damages or threat of litigation by Santander.

## II.     ARGUMENT AND AUTHORITY

9. Per FRCP 15 (a)(2), the "court should freely give leave when justice so requires." The Fifth Circuit has said that the rule "evinces a bias in favor of granting leave to amend" and has observed that a court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981). "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Id*. at 598 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and other authorities).

10. Although Santander claims it is only seeking relief with respect to the vehicles listed in Schedule A to its Original Complaint, the nature of its declaratory judgment and civil rights claims, specifically with respect to the validity of the Alanis Defendants' actions regarding vehicles that are removed and placed in the City's vehicle storage facility, likely extends to all vehicles within the Alanis Defendants' possession for which Santander may claim a security interest and ownership right.  This fact become more evident upon the receipt of the opposing counsel's letters attached as Exhibit "B" demanding Wrecker to retain possession of two vehicles, which are not on Schedule A to Plaintiff's Original Petition.  Accordingly, any decision by the Court with respect to Santander's declaratory judgment claim would likely impact not just the vehicles Santander is suing on in its Original Complaint, but all other vehicles in Wrecker's possession that Santander holds a security interest in but have not otherwise been expressly claimed or declared abandoned by Santander.  For this reason, the Alanis Defendants seek leave to file the attached Second Amended Answer, Affirmative Defenses and Counterclaim (the "Counterclaim") to include a request for declaratory relief regarding not only the vehicles identified in Schedule A to Plaintiff's Original Complaint, but also the vehicles identified in Exhibit 1 to the Counterclaim.

11. The Alanis Defendants' requested relief to file the Counterclaim will not cause undue delay; is not sought in bad faith or for dilatory purposes; and shall not cause undue prejudice to the other parties to this case since the deadline for discovery has not yet passed and counsel for the Alanis Defendants has repeatedly raised the issue of the other vehicles in Wrecker's possession with counsel for Santander throughout this litigation.  *See Dussouy*, 660 F.2d at 598.  Additionally, "it is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation."  *Id*.

12.     Given Santander's position that the City's ordinance is unconstitutional and any actions by the Alanis Defendants pursuant to the City's ordinance are thereby void, it is necessary the Court consider not only those vehicles Santander has cherry-picked for this lawsuit in Schedule A to its Original Complaint, but also all vehicles for which Santander may claim an interest that are in Wrecker's possession due to the City's exercise of its police function.  This is so because Santander asserts Wrecker may not assess fees for the receipt and storage of any vehicles for which Santander has an interest due to alleged violation of its constitutional rights, while also asserting a claim for monetary damages based on Wrecker's auction of vehicles Santander asserts a security interest in but did not claim prior to being sold at public auction.  Santander's position places Wrecker in the untenable position of having to continue to store Santander vehicles at the risk of not recovering any fees associated with that storage and/or selling the vehicles at public auction based on Santander's failure to claim them and being subject to another lawsuit seeking additional claims for monetary damages associated with the sale.  Granting the Alanis Defendants' Motion for Leave to file their counterclaim for declaratory judgment would permit the Court to address the full extent of the dispute between the Alanis Defendants and Santander regarding the validity of the Alanis Defendants' actions with respect to the imposition of storage fees and requirement that such fees be paid by lienholders, like Santander, prior to release of the vehicle; and/or the right to auction vehicles at public auction that are not claimed following written notification.

13.     Finally, counsel for the Defendant City of San Antonio, Texas does not oppose the relief sought herein.  Counsel for Plaintiff Santander does oppose the relief sought herein.

### III.     RELIEF REQUESTED

14.     For the reasons set forth herein, the Alanis Defendants respectfully request the Court grant their Opposed Motion for Leave to File a Second Amended Answer, Affirmative

Defenses and Counterclaim and authorize the Clerk to file Defendants' Alanis Wrecker Service, Inc. and Alejandro Alanis' Second Amended Answer, Affirmative Defenses and Counterclaim, attached hereto as Exhibit "A."

          Respectfully submitted,

**LANGLEY & BANACK, INC.**
745 East Mulberry Ave., Suite 700
San Antonio, Texas 78212
Telephone: (210) 736-6600
Facsimile: (210) 735-6889

By:     */s/ Paul A. Fletcher*
    **PAUL A. FLETCHER**
    State Bar No. 00795980
    pfletcher@langleybanack.com
    **ERICA E. VALLADARES**
    State Bar No. 24045841
    evalladares@langleybanack.com

    **ATTORNEYS FOR DEFENDANTS**
    **ALANIS WRECKER SERVICE, INC.**
    **AND ALEJANDRO ALANIS**

## CERTIFICATE OF CONFERENCE

    I hereby certify that I conferred with counsel for Plaintiff and counsel for Defendant, the City of San Antonio, Texas prior to the filing of this Motion and Plaintiff is opposed to this Motion, but counsel for Defendant, the City of San Antonio, is not opposed.

    */s/ Paul A. Fletcher*
    **PAUL A. FLETCHER**
    **ERICA E. VALLADARES**

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 27, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a true and correct copy of same to the below-referenced counsel of record.:

Nicholas A. Duston
**NORRIS MCLAUGHLIN, P.A.**
400 Crossing Boulevard, 8th Floor
Bridgewater, New Jersey 08807

Everett Lindell New
Peter C. Hall
**NEW & HALL, PLLC**
100 N. Central Expy., Suite 42
Richardson, Texas 75080
*Attorneys for Plaintiff*

Mark Kosanovich
**FITZPATRICK & KOSANOVICH, PC**
P.O. Box 831121
San Antonio, Texas 78283
*Attorney for Defendant City of San Antonio, Texas*

                                        */s/ Paul A. Fletcher*
                                        **PAUL A. FLETCHER**
                                        **ERICA E. VALLADARES**