IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SANTANDER CONSUMER USA, INC.,**<br>　　　*Plaintiff*, | §<br>§<br>§<br>§<br>§ | |
| *v.* | §<br>§<br>§ | SA-21-CV-00172-OLG |
| **THE CITY OF SAN ANTONIO, ALANIS WRECKER SERVICE, LLC AND ALEJANDRO ALANIS,**<br>　　　*Defendants.* | §<br>§<br>§<br>§<br>§ | |

**REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO ALANIS DEFENDANTS' OPPOSED MOTION FOR LEAVE TO AMEND ANSWER TO ADD COUNTERCLAIM**

TO THE HONORABLE CHIEF U.S. DISTRICT JUDGE:

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Defendants ALANIS WRECKER SERVICE, INC. (the "Wrecker") and ALEJANDRO ALANIS (collectively the "Alanis Defendants") file this Reply to Plaintiff's Brief in Opposition to Alanis Defendants Motion for Leave to Amend Answer and Add Counterclaim, and would respectfully show as follows:

**I. SUMMARY**

Santander concedes that it "is ***not*** making any claims related to the additional 200+ vehicles" and unequivocally asserts that its state court counsel previously authorized the Alanis Defendants' to "sell any other Santander vehicles it currently has," which it had not previously done. As a result, this Court should take judicial notice of these admissions, and deem them stipulations of dismissal, with prejudice, regarding any future claims pertaining to the subject 200+ vehicles. If the Court does so, the Alanis Defendants' Motion for Leave to Amend to add a

counterclaim will be moot. In the alternative, the Alanis Defendants request that they be permitted to amend.

## II. ARGUMENT

A. **SANTANDER'S ACTIONS REGARDING 2 OF THE 200+ CARS AT ISSUE**

The Alanis Defendants have inquired on numerous occasions about the disposition of the 200+ vehicles identified in the Alanis Defendants' Motion for Leave ("Subject Vehicles") at Wrecker's lot. However, Santander refused to confirm whether it was abandoning the Subject Vehicles and whether it was going to make any claims regarding the Subject Vehicles. Accordingly, the Alanis Defendants sought leave to amend its pleadings to include a counterclaim regarding the Subject Vehicles.

In support of its position that there is not a dispute, Santander points to part of a January 22, 2022 email with an attorney representing Santander in the nearly 25 state court cases filed against the Alanis Defendants and the City since 2019 regarding the impounding of vehicles. Santander asserts that the email authorized the Alanis Defendants to sell any vehicles it had.[1] [Dkt. No. 29, page 7.] Because said email was not clear, counsel for the Alanis Defendants asked for clarification and asked whether Santander's state counsel had "any objections to making a stipulation or statement on the record that you are not seeking to recover possession of specific vehicles on a list . . ." *See* Exhibit 1 at p 3 (attachments intentionally omitted). To date, Santander's state court counsel has failed to respond to this email.

Moreover, on April 25, 2022, Santander made affirmative demands and asserted rights to at least two (2) of the 200+ vehicles. Counsel for Santander notified the Wrecker that Santander:

---

[1] In the email, Santander's state counsel stated: "Alanis may sell any other Santander vehicles it currently has on the civil side of the of the impound, provided that the proper notices were sent, the necessary amount of time has passed, Santander did not request that Alanis hold the vehicle to wait for its customer to default, etc."

(1) wanted the vehicles released to it; (2) objected to the sale of the vehicles without due process of law; (3) did not consent to the lien sale of the vehicles; (4) did not consent to pay storage fees; (5) did not consent to Alanis or the City of San Antonio continuing to prevent it from recovering the vehicles; and (6) was demanding that Alanis and the City retain the vehicles until it had the right to fully address the unconstitutional taking of its property without due process of law. [Dkt. No. 28-2 at Exhibit B]. Contrary to the assertions in its Response, Santander had previously made demands with regard to at least two of the Subject Vehicles. It should be noted, if the Alanis Defendants had sold those two vehicles in January 2022, as Santander asserts it was "authorized" to do in January 2022 by Santander's state court counsel, it would have been contrary to the demands asserted later in the April 2022 letter and presumably there would be more litigation between Santander, the City and the Alanis Defendants.

In short, Santander's actions prompted the Alanis Defendants to seek leave to add the subject counterclaim at this time.

**B.      SANTANDER'S AFFIRMATIVE DISCLAIMER AND WAIVER OF RIGHTS AND CLAIMS TO THE SUBJECT VEHICLES**

As noted, prior to Santander's May 4, 2022 Response, the Alanis Defendants were unclear about Santander's position regarding the Subject Vehicles. But now, Santander has finally confirmed that "[it] is *only* seeking relief with respect to the Vehicles listed in Schedule A to its Original Complaint and is ***not*** making any claims related to the additional 200+ vehicles . . .," and that the Alanis Defendants are authorized to "…sell any other Santander vehicles it currently has . . ." With these admissions, it appears there is no dispute or controversy regarding the 200+ Subject Vehicles. Accordingly, the Alanis Defendants respectfully request that the Court take judicial notice of said admissions, deem those statements a stipulation of the waiver, disclaimer and/or relinquishment to any rights or claims to the Subject Vehicles, and issue an order that: (1)

Santander consents to the sale of the 200+ Subject Vehicles by the Alanis Defendants; and (2) Santander is waiving, disclaiming and relinquishing any claims related to the Subject Vehicles.

C. **IN THE ALTERNATIVE, THE COUNTERCLAIM WILL NOT RESULT IN PREJUDICE OR EXCESSIVE DISCOVERY AND IT WAS NOT BROUGHT IN BAD FAITH.**

The Alanis Defendants' counterclaim will not increase the scope of discovery. The counterclaim seeks a declaratory judgment that Alanis Defendants actions under state law are valid as to: (1) the vehicles identified in Exhibit A to Plaintiff's Original Complaint [Dkt. No. 1]; and (2) the 200+ vehicles identified in Exhibit 1 to the Alanis Defendants' Counterclaim [Dkt. No. 28-1, Exhibit 1]. The declaration sought by the Alanis Defendants is substantially similar to and involves the same issues of law as the declaration sought by Plaintiff -- "Santander seeks a declaration that San Antonio and Wrecker's assertion of claims against the Vehicles are null and void as are all actions by San Antonio and Wrecker to exert control over the vehicles after the initial seizure." [Dkt. No. 1 at ¶ 107]. Accordingly, the discovery will involve the same issues and contrary to Plaintiff's assertion, it will not increase due to the number of vehicles at issue. Moreover, there will not be an increase in the scope of discovery since this issue does not even relate to the number of cars in this case. Instead, this issue focuses on the constitutionality of the City's ordinance, state law, and the policies and practices of the Defendants in this lawsuit.

The remaining portion of the Alanis Defendants' counterclaim requests a declaratory judgment regarding the vehicles on Exhibit 1 of the Counterclaim that (i) Santander is liable to Wrecker for the receipt and storage of the vehicles that are released to Santander and (ii) Santander abandoned the vehicles in Exhibit 1 and the Wrecker may sell said vehicles to recover the impoundment and storage fees. [Dkt. No. 28-1, Exhibit A at ¶¶ 19-20]. The resolution of the last two issues will not increase the scope of discovery. Unlike the cars identified in Santander's Complaint, these cars have not been sold; thus, the value of those vehicles are not an essential

issue to the resolution of the declaratory judgments requested by the Alanis Defendants. To the extent Santander needs to locate correspondence and records for each vehicle, pursuant to Santander's previous request related to the 200+ vehicles, the Alanis Defendants have provided Santander with the vehicle identification numbers ("VIN") for the 200+ Subject Vehicles[2] so Santander can search their database, which purportedly stores their notes, correspondence and records by VIN.

Finally, if Santander "is **not** making any claims related to the additional 200+ vehicle the Alanis Defendants have rounded up" any impact on discovery should be minimal since the counterclaim essentially seeks a declaration about how the vehicles in the Wrecker's possession should be treated if the Court finds that there were no unconstitutional actions taken by any of the defendants in this case.

## PRAYER

The Alanis Defendants pray that the Court take judicial notice of Santander's admissions as to the Subject Vehicles, deem those statements a stipulation of the waiver, disclaimer and/or relinquishment to any rights or claims to the Subject Vehicles, and issue an order that: (1) Santander consents to the sale of the Subject Vehicles by the Alanis Defendants; and (2) Santander is waiving, disclaiming and relinquishing any claims related to the Subject Vehicles. In the alternative, the Alanis Defendants request that they be permitted to file the counterclaim for declaratory relief to avoid further litigation and inconsistent positions from Santander so that the City and the Alanis Defendants can dispose of the Subject Vehicles without controversy. Finally, the Alanis Defendants request any and all other relief to which they may be entitled, whether in law or equity.

---

[2] The Alanis Defendants have also provided Santander with the VIN numbers of the 40 cars it picked up and paid for from the Wrecker between August 23, 2021 and April 1, 2022.

                Respectfully submitted,

                **LANGLEY & BANACK, INC.**
                745 East Mulberry Ave., Suite 700
                San Antonio, Texas 78212
                Telephone:  (210) 736-6600
                Facsimile:   (210) 735-6889

By:  */s/ Paul A. Fletcher*
      **PAUL A. FLETCHER**
      State Bar No. 00795980
      pfletcher@langleybanack.com
      **ERICA E. VALLADARES**
      State Bar No. 24045841
      evalladares@langleybanack.com
      **ATTORNEYS FOR DEFENDANTS**
      **ALANIS WRECKER SERVICE, INC.**
      **AND ALEJANDRO ALANIS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a true and correct copy of same to the below-referenced counsel of record:

| | |
|---|---|
| Nicholas A. Duston<br>**NORRIS MCLAUGHLIN, P.A.**<br>400 Crossing Boulevard, 8th Floor<br>Bridgewater, New Jersey 08807<br><br>Everett Lindell New<br>Peter C. Hall<br>**NEW & HALL, PLLC**<br>100 N. Central Expy., Suite 42<br>Richardson, Texas 75080<br>*Attorneys for Plaintiff* | Mark Kosanovich<br>**FITZPATRICK & KOSANOVICH, PC**<br>P.O. Box 831121<br>San Antonio, Texas 78283<br>*Attorney for Defendant*<br>*City of San Antonio, Texas* |

                */s/ Paul A. Fletcher*
                **PAUL A. FLETCHER**
                **ERICA E. VALLADARES**