IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANTANDER CONSUMER USA, INC., | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | 5-21-CV-00172-OLG-RBF |
| CITY OF SAN ANTONIO, ALANIS WRECKER SERVICE, ALEJANDRO ALANIS, | § § § § § § | |
| *Defendants.* | § | |

## ORDER FOR ADDITIONAL BRIEFING

Before the Court is the above-styled action that was referred for disposition of all pretrial matters, pursuant to Rules CV-72 and 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. No. 65. On February 8, 2023, the Court held a hearing on the pending motions for summary judgment, Dkt. Nos. 61, 62 & 63, and related motions to strike, Dkt. Nos. 69, 72 & 73. All parties appeared through counsel of record. Having considered the motions, the Court has determined that additional briefing is required on certain issues, as described more fully below.

In briefs of no more than 8 pages in length, Santander on one hand, and Defendants Wrecker and the City on the other, should each submit an initial brief to address, based on the pleadings and any other pertinent considerations: (1) the specific "actual controversies" for which a declaratory judgment is sought, and under what circumstances it could or should be awarded and (2) whether and why this is an as-applied or facial challenge to the City's ordinance. By way of guidance, the Court notes that, as Defendants point out in their summary judgment briefing, some of Santander's requests for a declaratory judgment appear to be duplicative of the § 1983 claims. However, other parts of the request for declaratory judgment

1

appear to amount to a facial challenge to the constitutionality of the City's ordinance. It is not clear to the Court at this juncture whether a declaratory judgment is the proper avenue to make such a facial challenge, if that is indeed what Santander is attempting to do. The initial briefs clarifying this issue should be filed with the Court on or before 14 days after the date of this Order. Each side may then also file a response within 7 days after the other side files its initial brief. No replies should be filed.

A further hearing is also needed, and it will be set by separate order. Based on the February 8 hearing and the parties' briefing, it appears the parties largely agree on the underlying facts. For example, all appear to agree that the City had the vehicles at issue towed, that Wrecker stored the vehicles, and that most of the vehicles were ultimately deemed abandoned and sold at auction, with no proceeds distributed to Santander. The parties all seem to agree that Santander made no effort to claim excess proceeds via applicable available procedures. The parties seem to agree, or at least Defendants did not specifically contest, that some of the cars were sold for $1. The parties also do not seem to dispute the process in place governing how a lienholder like Santander is permitted by the City to retrieve impounded vehicles. There is also apparently no dispute that Santander has a valid lien interest in each of the vehicles at issue, and that under each of the applicable retail-installment contracts the borrower is in default, for purposes of the contract, once the vehicle was seized by the City.

Given this broad agreement, it is unclear what purpose would be served by resolving the multiple motions to strike, as they appear to quibble with matters that are largely agreed upon. The Court will address this conundrum in two ways. First, the parties will be ordered, as described more fully below, to submit an agreed statement of facts. Second, these matters will be addressed at the forthcoming hearing. Within 14 days from the date of this order, the parties shall

submit their joint statement of agreed facts and in it set forth all pertinent facts not in dispute as well as, in a separate section, those material facts that remain in dispute. The parties should then be prepared to explain at the hearing how the remaining factual disputes, if any, relate to the motions to strike. By way of example, if the City and Wrecker contend Santander can't establish a property interest in some or all of the vehicles, Defendants should so contend in the statement and indicate the specific vehicles for which that contention applies. Defendants should also clarify if the issue is the lack of legibility of some of the paperwork, which Santander can presumably correct, or something more substantive.

**IT IS ORDERED** that the parties shall submit a statement of agreed facts, as described more fully above, within **14 days** from the date of this Order.

**IT IS ORDERED** that the parties submit briefing on the request for declaratory judgment, as described more fully above. Initial briefs of no more than **8 pages** in length are due on or before **14 days** after the date of this Order. Responses, also limited to no more than **8 pages**, are due on or before **7 days** after each opposing side files its initial brief. No replies should be filed. To clarify, Defendants Wrecker and San Antonio are expected to collectively submit one brief of no more than 8 pages, and one response of no more than 8 pages.

**IT IS SO ORDERED**.

SIGNED this 18th day of May, 2023.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE